1  Robert Garrett, SBN 065886
   rgarrett@garrett-tully.com
2  Alexander Levy, SBN 061887
   alevy@garrett-tully.com
3  Candie Chang, SBN 215019
   chang@garrett-tully.com
4  GARRETT & TULLY, P.C.
   225 S. Lake Avenue, Suite 1400
5  Pasadena, CA 91101-4869
   Telephone: (626) 577-9500
6  Facsimile: (626) 577-0813

7  Attorneys for plaintiff Federal Deposit Insurance
   Corporation, as receiver, for IndyMac Federal Bank, FSB

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Federal Deposit Insurance Corporation, as Receiver for IndyMac Federal Bank, FSB<br><br>Plaintiff,<br><br>vs.<br><br>Dominique Ocampo; Jasmine Bayot Golez Ocampo; Devonna Troope; Erez Yehezkilof, Iris Yehezkilof; Coastline Lending Group; FCI Lender Services, Inc., a corporation; Does 1 through 5, being all persons unknown, claiming any legal or equitable right, title, estate, lien or interest in the property described in the complaint adverse to the plaintiff's title, or any cloud on plaintiff's title thereto; Does 6 through 10,<br><br>Defendants. | CASE NO. CV-10-9894-ODW (Ex)<br><br>**APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT AGAINST JASMINE BAYOT GOLEZ OCAMPO; DECLARATIONS OF CANDIE Y. CHANG AND ALEXANDER LEVY IN SUPPORT THEREOF**<br><br>[Proposed] Order, Declarations of Judith A. Rothrock, Daris Buckler, Louis Chavez, and Stacey A. Francis, Filed Concurrently Herewith<br><br>Complaint Filed:  12/22/2010 |

# APPLICATION FOR DEFAULT JUDGMENT BY COURT

## I. PROCEDURAL HISTORY.

(1) Plaintiff filed its Complaint in the above-referenced action on December 22, 2010. [*See* Exhibit A: Summons and Complaint.]

(2) Defendant Jasmine Bayot Golez Ocampo (hereinafter "Jasmine Ocampo") was served with the Summons and Complaint in the above-referenced action on January 19, 2011. [*See* Exhibit B: Proof of Service - Summons and Complaint.] Jasmine Ocampo failed to respond to plaintiff's complaint. [*See* Declaration of Candie Y. Chang ("Chang's Decl."), ¶3.]

(3) Jasmine Ocampo's default was entered by the clerk on March 7, 2011. [*See* Exhibit C: Default by Clerk.]

(4) To the best of plaintiff's knowledge, Jasmine Ocampo is neither a minor nor an incompetent person. [*See* Chang's Decl., ¶4.]

(5) To the best of plaintiff's knowledge, Jasmine Ocampo is not in military service. [*See* Chang's Decl., ¶5.]

## II. STATEMENT OF FACTS.

(6) This action involves that real property ("the Property") commonly known as 2633 Hudson Avenue, Corona, California.

### A. Defendant Ocampo Acquires The Property:

(7) According to the public record, defendant Dominique Ocampo ("Ocampo") acquired the Property by a Grant Deed recorded on July 2, 2007, as instrument number 2007-0431652, in the Official Records of the County Recorder of Riverside County. [*See* Exhibit D: the July 2, 2007 Grant Deed.]

(8) According to the public record, recorded concurrently on July 2, 2007, with that deed, as instrument number 2007-0431651, was an "Interspousal Transfer Grant Deed" given by Mrs. Ocampo, as the spouse of the grantee, to "Dominique Ocampo, a married man as his sole and separate property," grantee. [*See* Exhibit E: the July 2, 2007 Interspousal Transfer Grant Deed.]

B. **Defendant Ocampo Gives IndyMac Bank A Purchase Money Deed Of Trust:**

(9) On July 2, 2007, IndyMac Bank F.S.B., a federally chartered savings bank ("IndyMac Bank"), lent defendant Ocampo $880,000 of the price for the purchase of the Property ("the IndyMac Loan"). Repayment of the loan was secured by a deed of trust given by Ocampo, as trustor, to IndyMac Bank, as beneficiary, recorded against the Property on July 2, 2007, as instrument number 2007-0431653 ("the IndyMac Bank Deed of Trust"). [*See* Exhibit F: the July 2, 2007 IndyMac Bank Deed of Trust..]

C. **Defendant Ocampo's Concurrent HELOC Deed Of Trust:**

(10) On July 2, 2007, IndyMac Bank entered into a line of credit agreement with defendant Ocampo which provided for, among other things, a maximum amount of debt of $165,000. Performance under the line of credit agreement was secured by a deed of trust given by defendant Ocampo, as trustor, to IndyMac Bank, as beneficiary, recorded on July 2, 2007, as instrument number 2007-0431654 ("the IndyMac HELOC Deed of Trust"). [*See* Exhibit G: the July 2, 2007 IndyMac HELOC Deed of Trust.]

D. **Plaintiff, The FDIC As Conservator Acquires The IndyMac Deed Of Trust:**

(11) On July 11, 2008, pursuant to its order number 2008-24, the OTS: (a) closed IndyMac Bank; and (b) appointed the FDIC as its Receiver pursuant to 12 U.S.C. §1821(c)(2)(A) and (5). FDIC accepted the appointment. Pursuant to 12 U.S.C. section 1821(d)(2)A(I), FDIC as Receiver succeeded to all of the rights, titles and interests in and to the bank's assets, including the IndyMac Loan and Deed of Trust. [*See* Declaration of Judith A. Rothrock ("Rothrock's Decl."), ¶3.]

(12) On July 11, 2008, the OTS: (a) chartered a new institution, IndyMac Federal Bank, FSB ("IndyMac Federal Bank"); (b) transferred certain assets from FDIC as Receiver for IndyMac Bank to IndyMac Federal Bank, FSB, including the IndyMac Loan and Deed of Trust; and (c) appointed FDIC as Conservator for IndyMac Federal Bank, FSB. FDIC accepted its appointment. [*See* Rothrock's Decl., ¶4.]

(13) Also on July 11, 2008, the bulk of the assets and deposit liabilities of IndyMac Federal Bank, including the IndyMac Loan and Deed of Trust, were transferred to FDIC as conservator for IndyMac Federal Bank pursuant to a Purchase-and-Assumption Agreement between the FDIC in its corporate capacity, FDIC as Receiver for IndyMac Bank, and FDIC as Conservator for IndyMac Federal Bank, FSB. [*See* Rothrock's Decl., ¶5.]

### E. Foreclosure Of Deed of Trust; Title In IndyMac Federal Bank:

(14) On March 9, 2009, after compliance with the statutory provisions governing non-judicial foreclosures in California, a trustee sale was held pursuant to the power of sale contained in the IndyMac Bank Deed of Trust, at which time IndyMac Federal Bank purchased the Property (as the FDIC's conservatee). The Trustee's Deed Upon Sale ("the Trustee's Deed") conveying the Property to IndyMac Federal Bank recorded on March 23, 2009, as instrument number 2009-0139854. [*See* Exhibit H: the March 23, 2009 Trustee's Deed.]

### F. Plaintiff, The FDIC Takes Ownership Of The Property As Receiver:

(15) On March 19, 2009, pursuant to its order number 2009-17, the OTS: (a) closed IndyMac Federal Bank, FSB; and (b) appointed FDIC its Receiver. Pursuant to 12 U.S.C. section 1821(d)(2)A(I), FDIC as Receiver succeeded to all of the rights, titles and interests of the bank in and to the bank's assets, including the IndyMac Loan and Deed of Trust. FDIC accepted that appointment. [*See* Rothrock's Decl., ¶6.]

### G. Forged IndyMac Federal Bank Deed:

(16) On January 15, 2010, a deed recorded, purportedly conveying the Property from the "FDIC as Receiver for IndyMac Federal Bank F.S.B." to "Dominique Ocampo, as married man as his sole and separate property." It was recorded as instrument number 0019335 ("the Ocampo Deed"). The deed is a forgery, unauthorized by the FDIC in any capacity or IndyMac Federal Bank. [*See* Exhibit I: the January 15, 2010 Ocampo Deed.]

///

///

(17) Louise Chavez, not a party to this action, who purportedly executed the Ocampo Deed on behalf of FDIC as Receiver, has testified by declaration that she did not sign that deed. [*See* Declaration of Louise Chavez.]

(18) Stacey A. Francis, not a party to this action, who on the face of the Ocampo Deed appears as the notary who purportedly executed the acknowledgment of Ms. Chavez's signature, has testified by declaration that she did not take the acknowledgment of Ms. Chavez's signature, as the signature appears on the deed, and did not sign the acknowledgment contained in the deed. [*See* Declaration of Stacey A. Francis.]

### H. The Donna Troope Grant Deed:

(19) Recorded concurrently with the Ocampo Deed on January 15, 2010, as instrument number instrument number 2010-0019336, was a "Grant Deed" in which defendant Devonna Troope, a single woman, purported to deed the Property to defendant Ocampo ("the Troope Deed"). [*See* Exhibit J: the Troope Deed.]

(20) Defendant Donna Troope has testified by an affidavit that she did not sign that deed. [*See* Donna Troope's Affidavit of Forgery.]

### I. Forged IndyMac Federal Bank Demand And Reconveyance:

(21) Plaintiff has been advised that the party who disbursed the proceeds of the Yehezkilof Loan believed that it was disbursing some or all of the loan proceeds to IndyMac Federal Bank FSB pursuant to a demand for payment ("the Demand") purportedly made by the bank. [*See* Rothrock's Decl., ¶7.]

(22) Neither FDIC nor IndyMac Federal Bank FSB prepared the Demand, submitted it for payment, or received or accepted from the proceeds of the Yehezkilof Loan, any payment for the IndyMac Loan by virtue of the Demand or otherwise. [*See* Rothrock's Decl., ¶8.]

(23) On February 18, 2010, a document recorded as instrument number 2010-73571 entitled "Substitution of Trustee and Full Reconveyance" which purported to be a reconveyance of the IndyMac Deed of Trust, executed by "Daris Buckler, Vice President, IndyMac Bank, FSB, Its Servicer" ("the Reconveyance of the IndyMac Deed

of Trust"). [*See* Exhibit K: the February 18, 2010 Reconveyance of the IndyMac Deed of Trust.]

(24) According to the face of the Reconveyance of the IndyMac Deed of Trust, as recorded, the acknowledgment of the signature of Daris Buckler was taken by an Oswaldo Flores, as a notary public (not a party to this action). [*See* Exhibit K.]

(25) Daris Buckler has advised plaintiff that she did not sign the Reconveyance of the IndyMac Deed of Trust; that she did not appear before a notary to acknowledge that she had signed that document; that she knows nothing of the IndyMac Loan. [*See* Rothrock's Decl., ¶9.]

(26) Daris Buckler has testified by declaration that she did not sign the Substitution of Trustee and Full Reconveyance recorded on February 18, 2010, as instrument number 2010-73571. [*See* Declaration of Daris Buckler ("Buckler's Decl.").]

### J. Forged Reconveyance Of IndyMac HELOC Deed Of Trust:

(27) On February 18, 2010, a document recorded as instrument number 2010-73574 entitled "Substitution of Trustee and Full Reconveyance" which purported to be a reconveyance of the IndyMac HELOC Deed of Trust, executed by "Daris Buckler, Vice President, IndyMac Bank, FSB, Its Servicer" ("the Reconveyance of the IndyMac HELOC Deed of Trust"). [*See* Exhibit L: the February 18, 2010 Reconveyance of the IndyMac HELOC Deed of Trust.]

(28) According to the face of the Reconveyance of the IndyMac HELOC Deed of Trust, as recorded, the acknowledgment of the signature of Daris Buckler was taken by an Oswaldo Flores, as a notary public (not a party to this action).

(29) Daris Buckler has advised plaintiff that she did not sign the Reconveyance of the IndyMac Deed of Trust; that she did not appear before a notary to acknowledge that she had signed that document; that she knows nothing of the IndyMac Loan. [*See* Rothrock's Decl., ¶10.]

///

///

(30) Daris Buckler has testified by declaration that she did not sign the Substitution of Trustee and Full Reconveyance recorded on February 18, 2010, as instrument number 2010-73574. [*See* Buckler's Decl.]

**K.      Unauthorized Yehezkilof Deed Of Trust:**

(31)   On March 29, 2010, a deed of trust recorded purporting to encumber the Property, given by defendant Ocampo, as trustor, to defendants Erez Yehezkilof and Iris Yehezkilof ("the Yehezkilofs"), as beneficiaries. [*See* Exhibit M: the March 29, 2010 Yehezkilofs Deed of Trust.]

(32)   Defendant Coastline was the original trustee of the deed of trust and according to the public record is currently the trustee of that deed of trust. The Yehezkilof Deed of Trust recites, among other things, that it secures a promissory note in the original principal amount of ($212,500.00 "the Yehezkilof Loan"). [*See* Exhibit M.]

**L.      Jasmine Ocampo's Spousal Deed:**

(33)   Recorded concurrently on March 29, 2010, with the Yehezkilof Deed of Trust, as instrument number 2010-0141137, was a "Quitclaim Deed" of the Property from defendant Mrs. Ocampo, as grantor, to defendant Ocampo, as grantee, in which Mrs. Ocampo purported to relinquish any right, title and interest in and to the Property she had, if any, in favor of her husband, defendant Ocampo ("Mrs. Ocampo's Spousal Deed"). [*See* Exhibit N: the March 29, 2010 Quitclaim Deed.]

**M.      Pending Foreclosure Of Yehezkilof Deed Of Trust:**

(34)   On September 16, 2010, defendant FCI, as agent for defendants, the Yehezkilofs, recorded a notice of default ("the Notice of Default") as instrument number 2010-0445274, thereby commencing non-judicial foreclosure proceedings under the Yehezkilof Deed of Trust. [*See* Exhibit O: the September 16, 2010 Notice of Default.]

D   (35)   On December 13, 2010, counsel for the FDIC made written demand on defendant FCI, in its capacity as trustee of the Yehezkilof Deed of Trust and as agent of defendants the Yehezkilofs, as beneficiaries of the Yehezkilof Deed of Trust, that they

immediately terminate the foreclosure proceedings and record a reconveyance of that deed of trust. [*See* Exhibit P: the December 13, 2010 demand letter; *see also* Rothrock's Decl., ¶10.]

(36) Defendants, the Yehezkilofs have, through their agent, communicated to counsel for the FDIC that they have instructed their trustee to halt the pending foreclosure proceedings in response to FDIC's demand. [*See* Declaration of Alex Levy, ¶3; *see also* Rothrock's Decl., ¶11.]

## III. DEFAULT JUDGMENT AGAINST JASMINE OCAMPO.

(37) Plaintiff seeks a judicial determination that the Quitclaim Deed, recorded on March 29, 2010, as Instrument Number 2010-0141137, in the Official Records of the County Recorder of Riverside County, is void and has no force or effect, and that Jasmine Ocampo has no right, title, interest, or claim in or to the Property or any part thereof.

(38) Plaintiff seeks to quiet title to the Property in plaintiff's favor, and against any adverse right, title, interest, and/or claim of Jasmine Ocampo as of March 19, 2009.

(39) Plaintiff seeks compensatory and punitive damages, according to proof, against defendant Jasmine Ocampo for disparaging plaintiff's title to Property by the recordation of the Quitclaim Deed, recorded on March 29, 2010, as Instrument Number 2010-0141137, in the Official Records of the County Recorder of Riverside County.

(40) Plaintiff seeks to recover attorney fees and costs incurred to commence and prosecute this action according to proof.

(41) Plaintiff seeks to enter Judgment in plaintiff's favor and against defendant Jasmine Ocampo at the appropriate time.

(42) Plaintiff seeks to proof up by an application and/or a hearing at the request of this Court, once the remaining issues against the other defendants in this action are tried and/or resolved, its attorneys' fees and costs, compensatory damages, and punitive damages against defendant Jasmine Ocampo.

///

DATED: March 21, 2011

GARRETT & TULLY, P.C.

_____
Robert Garrett
Alexander Levy
Candie Y. Chang
Attorneys for plaintiff Federal Deposit
Insurance Corporation, as Receiver, for
IndyMac Federal Bank, FSB

## DECLARATION OF CANDIE Y. CHANG

I, Candie Y. Chang, declare as follows:

1. I am an attorney at law duly licensed to practice before all the courts of the State of California and an associate of the law firm of Garrett & Tully, a professional corporation, counsel for plaintiff Federal Deposit Insurance Corporation, as receiver, for IndyMac Federal Bank, FSB.

2. I make this declaration in support of the FDIC's Application for Entry of Default Judgment against defendant Jasmine Bayot Golez Ocampo. If called to testify concerning this declaration, I could and would testify to the facts contained herein based upon my own personal knowledge.

3. As of the filing of this Application, defendant Jasmine Bayot Golez Ocampo has not responded to plaintiff's Summons and Complaint.

4. To the best of my knowledge, defendant Jasmine Bayot Golez Ocampo is neither a minor nor an incompetent person.

5. To the best of my knowledge, defendant Jasmine Bayot Golez Ocampo is not in military service.

6. This declaration is made in support of plaintiff's Application for Entry of Default Judgment against defendant Jasmine Bayot Golez Ocampo.

7. Attached to the Appendix of Exhibits as **Exhibit A** is a true and correct copy of the Summons and Complaint filed in this action on December 22, 2010.

8. Attached to the Appendix of Exhibits as **Exhibit B** is a true and correct copy of the proof of service of plaintiff's Summons and Complaint filed on March 3, 2011.

9. Attached to the Appendix of Exhibits as **Exhibit C** is a true and correct copy of defendant Jasmine Bayot Golez Ocampo's default entered by the clerk on March 7, 2011.

10. Attached to the Appendix of Exhibits as **Exhibit D** is a true, correct, and certified copy of the Grant Deed, recorded on July 2, 2007, as instrument number 2007-0431652, in the Official Records of the County Recorder of Riverside County.

11. Attached to the Appendix of Exhibits as **Exhibit E** is a true, correct, and certified copy of the Interspousal Transfer Grant Deed, recorded on July 2, 2007, as instrument number 2007-0431651, in the Official Records of the County Recorder of Riverside County.

12. Attached to the Appendix of Exhibits as **Exhibit F** is a true, correct, and certified copy of the Deed of Trust, recorded on July 2, 2007, as instrument number 2007-0431653, in the Official Records of the County Recorder of Riverside County.

13. Attached to the Appendix of Exhibits as **Exhibit G** is a true, correct, and certified copy of the Home Equity Line of Credit Deed of Trust, recorded on July 2, 2007, as instrument number 2007-0431654, in the Official Records of the County Recorder of Riverside County.

14. Attached to the Appendix of Exhibits as **Exhibit H** is a true, correct, and certified copy of the Trustee's Deed Upon Sale, recorded on March 23, 2009, as instrument number 2009-0139854, in the Official Records of the County Recorder of Riverside County.

15. Attached to the Appendix of Exhibits as **Exhibit I** is a true, correct, and certified copy of the Grant Deed, recorded on January 15, 2010, as instrument number 2010-0019335, in the Official Records of the County Recorder of Riverside County.

16. Attached to the Appendix of Exhibits as **Exhibit J** is a true, correct, and certified copy of the Grant Deed, recorded on January 15, 2010, as instrument number 2010-0019336, in the Official Records of the County Recorder of Riverside County.

17. Attached to the Appendix of Exhibits as **Exhibit K** is a true, correct, and certified copy of the Substitution of Trustee and Full Reconveyance, recorded on February 18, 2010, as instrument number 2010-0073571, in the Official Records of the County Recorder of Riverside County.

18. Attached to the Appendix of Exhibits as **Exhibit L** is a true, correct, and certified copy of the Substitution of Trustee and Full Reconveyance, recorded on February 18, 2010, as instrument number 2010-0073574, in the Official Records of the

County Recorder of Riverside County.

19. Attached to the Appendix of Exhibits as **Exhibit M** is a true, correct, and certified copy of the Deed of Trust, recorded on March 29, 2010, as instrument number 2010-0141138, in the Official Records of the County Recorder of Riverside County.

20. Attached to the Appendix of Exhibits as **Exhibit N** is a true, correct, and certified copy of the Quitclaim Deed, recorded on March 29, 2010, as instrument number 2010-0141137, in the Official Records of the County Recorder of Riverside County.

21. Attached to the Appendix of Exhibits as **Exhibit O** is a true, correct, and certified copy of the Notice of Default and Election to Sell Under Deed of Trust, recorded on September 19, 2010, as instrument number 2010-0445274, in the Official Records of the County Recorder of Riverside County.

22. Attached to the Appendix of Exhibits as **Exhibit P** is a true and correct copy of the December 13, 2010 demand letter authored by Alexander Levy, senior attorney at Garrett & Tully, counsel for the FDIC, to defendant FCI, in its capacity as trustee of the Yehezkilof deed of trust.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Executed on March 17, 2011, at Pasadena, California.

_____
CANDIE Y. CHANG

## DECLARATION OF ALEXANDER LEVY

I, Alexander Levy, declare as follows:

1. I am an attorney at law duly licensed to practice before all the courts of the State of California and a senior attorney of the law firm of Garrett & Tully, a professional corporation, counsel for plaintiff Federal Deposit Insurance Corporation, as receiver, for IndyMac Federal Bank, FSB.

2. I make this declaration in support of the FDIC's Application for Entry of Default Judgment against defendant Jasmine Bayot Golez Ocampo. If called to testify concerning this declaration, I could and would testify to the facts contained herein based upon my own personal knowledge.

3. On December 13, 2010, with the authorization of the FDIC's senior attorney Judith A. Rothrock, I made a written demand on defendant FCI, in its capacity as trustee of the Yehezkilof Deed of Trust and as agent of defendants Erez Yehezkilof, and Iris Yehezkilof, as beneficiaries of the Yehezkilof Deed of Trust, that they immediately terminate the foreclosure proceedings and record a reconveyance of that deed of trust.

4. The Yehezkilofs defendants have, through their agent, communicated to me that they have instructed their trustee to halt the pending foreclosure proceedings in response to the FDIC's demand.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Executed on March 17, 2011, at Pasadena, California.

_____
ALEXANDER LEVY

13     APPLICATION FOR ENTRY OF DEFAULT JUDGMENT

# CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2011 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document on paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 21, 2011.

/s/ Laurie Bernal
Laurie Bernal
Garrett & Tully, APC
225 So. Lake Avenue, Suite 1400
Pasadena, Ca 91101
Telephone: (626) 577-9500
Facsimile: (626) 577-0813
Email: lbernal@garrett-tully.com

1